IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY J. FRANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-3358-CV-S-NKL-SSA |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is Defendant Commissioner's Motion to Reverse and Remand [Doc # 7] the decision of the Administrative Law Judge (ALJ) pursuant to sentence six of section 205(g), 42 U.S.C. § 405(g).

The Commissioner has sought remand under sentence six in lieu of her Answer to Plaintiff's Complaint in order for the ALJ to consider the four functional areas of limitation used to determine the severity of mental impairments, as required by 20 C.F.R. § 416.920a. In the most recent decision of the ALJ, the residual functional capacity limits the claimant to low stress work, but there is no explanation as to what stressors Plaintiff needs to avoid. In addition, the decision does not mention the testimony that the vocational expert provided concerning her answers in relation to the information provided by the Dictionary of Occupational Titles. The Commissioner

1

believes that these oversights may be corrected on remand.  She also asks that the ALJ properly address the matter of drug and/or alcohol addiction per 20 C.F.R. § 416.935 and applicable court precedent.  The Plaintiff, Anthony Frana ("Frana"), argues that if remand is warranted, then the case should be remanded under sentence four of 42 U.S.C. § 405(g) rather than sentence six because sentence six requires a showing of good cause which Frana believes is lacking in the Commissioner's Motion.

The U.S. Supreme Court has explained the difference between the two types of remand authorized by section 405(g), most recently in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  Remand under sentence four "authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.'"  *Id.* at 98 (quoting 42 U.S.C. § 405(g)).  In other words, remand under sentence four is a substantive ruling on the merits.  This follows directly from the language of sentence four, which gives the court the "power to enter, upon the pleadings and transcript of the record, a judgment . . . ."  42 U.S.C. § 405(g).

By contrast, in remanding under sentence six, "[t]he district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination."  *Melkonyan*, 501 U.S. at 98.  This, too, follows from the language of sentence six, which empowers the court, "on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, [to] remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security."  42 U.S.C. § 405(g).

2

Under sentence six remand, unlike under sentence four, "the Secretary must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Melkonyan*, 501 U.S. at 98 (quoting 42 U.S.C. § 405(g)).

Put simply, sentence six remand is a procedural device requested by the Commissioner before she answers the complaint in order to enable the Social Security Administration to correct recently discovered oversights in the record or the ALJ's decision. Because sentence six requires the Commissioner to return to the district court, it merely delays the court's judgment on the merits until the record is more fully developed. Sentence four remand, by contrast, is a substantive judgment on the merits by the district court upon review of the pleadings and transcript of the record. The claimant may, if he chooses, seek later district court review of the Commissioner's subsequent decision, but the Commissioner need not return to the district court on her own.

In the present case, the Commissioner has not yet answered the Complaint. Instead, she urges the Court to remand this case to the ALJ in order to more fully develop the record as to what specific stressors limit the claimant's ability to work, what testimony from the vocational expert the ALJ's considered, and what role drug and/or alcohol addiction may play in the claimant's allegations of disability. The Commissioner is not asking the Court to affirm, modify, or reverse the ALJ's decision on the merits. Instead, she is asking the Court to allow further development of the ALJ's reasoning so

that, when the district court does finally review her decision, the record can be complete. This is the sort of remand contemplated by sentence six of 42 U.S.C. § 405(g), not sentence four.

Accordingly, it is hereby

ORDERED that the Commissioner's Motion to Reverse and Remand [Doc. # 7] is GRANTED. The decision of the ALJ is REVERSED and the case is REMANDED under sentence six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 5, 2005
Jefferson City, Missouri